THOMPSON, Presiding Judge,
concurring specially.
In her January 17, 2014, motion, Deborah Long, the guardian ad litem appointed to represent D.R. (“the child”), alleged that the child had no relatives willing or able to provide him a home, that he was to be released from a mental-health facility, and that he had no place to go. I agree with the concerns the Limestone County Department of Human Resources (“DHR”) raised in its January 24, 2014, post-judgment motion, in which it argued that, had it been made a party, different avenues might have been pursued and the child might not have been determined to be dependent. Although those arguments may have some validity, the safety and security of the minor child at issue were more important. It is clear from the allegations of the guardian ad litem in her motion to transfer custody and from the arguments made by DHR in its January 24, 2014, postjudgment motion that this emergency situation involving the child arose suddenly because the child’s grandparents were no longer willing or able to properly handle or care for the child. It is the function of DHR, as the state agency charged with the protection of children, to step in at such times. Although DHR might have handled the situation differently had it been involved from the beginning of this action, it is often preferable that family members step in to assist when needed, as the grandparents in this case attempted to do.
*547 In her February 6, 2014,. “motion for review,” the guardian ad litem further alleged that, even after the entry of the juvenile court’s January 21, 2014, judgment, DHR “failed or refused” to retrieve the dependent child from the mental-health facility after the grandparents determined that they could no longer take care of the child. I recognize that the allegations of counsel in a motion are not evidence. However, the guardian ad litem is an officer of the court, and, therefore, it is to be assumed that there is truth in the representations she makes to the courts. Based on that.assumption, I write to express my concern that DHR failed in its duty to protect this child by refusing to comply with the January 21, 2014, judgment. , Regardless of DHR’s disagreement over, the procedures employed in the juvenile court, it should not have disregarded the juvenile court’s judgment transferring custody of the child to it. It is the function and duty of DHR to protect dependent children in this state. See Rule 660-l-2-.01(2)(a), Ala. Admin. Code (DHR).
THOMAS, J., concurs.